

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable Mike Anglin
Criminal District Attorney
124th Judicial District
Longview, Texas

Dear Sir:

Opinion No. O-6406

Re: Whether under the given facts it is a violation of the Nepotism Law for the Commissioners' Court to pay the salary of a person appointed as Rabies Control Officer for the County?

The material parts of your letter of January 26, 1945, requesting an opinion of this Department, read:

"1. Fred Pliler qualified as a County Commissioner of Precinct #1, Gregg County, Texas, on January 1st, 1945.

"2. Thomas Davis, whose wife is an aunt of Fred Pliler, was appointed Rabies Control Officer in June of 1944, prior to the election of Fred Pliler as County Commissioner.

"3. Gregg County was in June, 1944, and is yet under quarantine for Rabies Control.

"4. The Commissioners' Court of Gregg County passed the following minutes upon Mr. Davis' appointment:

"'A motion was made by A. F. Shepperd and seconded by W. W. Melton to appoint Thomas Davis as Rabies Control Officer and

Dog Catcher. Mr. Davis shall be carried on
the Health Unit Payroll at a salary of $150.00
per month, effective as of June 1, 1944. It
is also agreed that Mr. Davis shall receive
oil and gas for his said duties at the County
Barn. Mr. Davis is appointed in compliance of
the State Department, who has placed Gregg
County under quarantines. The motion being
put to a vote, Commissioners Melton, Shepperd
and Smith voted "AYE".'

"5. Thereafter, the livestock Sanitary Com-
mission of Texas commissioned Mr. Davis as an au-
thorized State Inspector of the Livestock Sanitary
Commission of Texas, the commission being dated
June 6, 1944.

"6. Gregg County has a County Hospital under
authority of Article 4478, V. A. C. S., a County
Health Unit, and a County Hospital Board, as re-
quired by Article 4479, V. A. C. S.

"7. Article 4484, provides in particular:

"'The Board shall certify all bills and
accounts, including all salaries and wages
and transmit them to the Commissioners Court
(County Court), who shall provide for their
payment in the same manner as other charges
against the County are paid.'

QUESTION:

"1. Since the present Commissioners Court ap-
proves the payment of all salaries in the County
Clinic, is it a violation of the Nepotism law for
the present Commissioners' Court, consisting of
Fred Piller and three others, to pay Thomas Davis
his salary, under the above appointment?

"2. Would the fact that Thomas Davis received
his appointment and assumed his duties prior to the

19

<u>election of Fred Pliler, who consequently did not
vote to confirm his appointment, remove it from the
Nepotism Statute?"</u>

Article 432 of the Penal Code of Texas, in part,
provides:

"No officer of this State or any officer of
any district, county, city, precinct, school district,
or other municipal subdivision of this State, . . . .
shall appoint, or vote for, or confirm the appointment
to any office, position, clerkship, employment or duty,
of any person related within the second degree by af-
finity or within the third degree by consanguinity to
the person so appointing or so voting, or to any other
member of any such board, the Legislature, or court of
which such person so appointing or voting may be a mem-
ber, when the salary, fees, or compensation of such ap-
pointee is to be paid for, directly or indirectly, out
of or from public funds or fees of office of any kind
or character whatsoever."

Article 435 of said Code provides:

"No officer or other person included within
the third preceding article shall approve any ac-
count or draw or authorize the drawing of any war-
rant or order to pay any salary, fee or compensa-
tion of such ineligible officer or person, knowing
him to be so ineligible."

As shown by the foregoing, the appointment of Mr.
Davis is made by the Commissioners' Court, which fact, to-
gether with the provision in the order that he "shall be
carried on the health unit payroll at a salary of $150.00
per month, effective as of June 1, 1944," comprises all the
facts before us with reference to his appointment, or em-
ployment.

It is apparent from the foregoing that Mr. Davis
is an employee of the County, on the County payroll, receiv-
ing his designated monthly salary from public funds and

Honorable Mike Anglin, Page 4

serves in his present position within the prohibited degree of relationship by affinity to the newly qualified County Commissioner.

In our Opinion No. 0-1408, approved September 29, 1939, this Department held that where a County hires a truck driver by the month who later became a son-in-law of a County Commissioner, such relationship came under the purview of Article 432, Penal Code, and the auditor should not approve payment for his services. This ruling appears applicable to your situation, and we enclose a copy of said opinion.

Answering your questions, it is the opinion of this Department that under the facts submitted, the payment of the salary of the appointee of the Commissioners' Court is in violation of the Nepotism Law. The fact that such person received his appointment and assumed his duties prior to the election of a County Commissioner who stands within the prohibited degree of relationship to him, would not remove his position from the Nepotism statutes.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Wm. J. R. King
Assistant

WJRK:RLT

Enclosure

